IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONNY GARCIA,

        Plaintiff,

vs.                              No. CIV 97-1228 JP/LFG

GENE BASSETT, Correctional Sergeant,

        Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

This is a *pro se, in forma pauperis* civil rights action pursuant to 42 U.S.C. §1983. Plaintiff Ronny Garcia ("Garcia") brings his claim under the Eighth Amendment. Garcia names as Defendant Gene Bassett, a correctional sergeant employed by the New Mexico Department of Corrections. Garcia seeks compensatory and punitive damages. I construed Garcia's pleadings liberally, holding him to a less stringent standard than that required of a party represented by counsel. *See, e.g., Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). A constitutional claim brought by a pro se plaintiff under Section 1983 should not be dismissed unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990).

The operative facts as set forth in the complaint are as follows. Garcia claims that on May 6, 1997, he realized his tennis shoes were missing. Tony Morgan, a prisoner, saw certain prisoners

---

[1] Within ten (10) days after a party is served with a copy of this legal analysis and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendations. If no objections are filed, no appellate review will be allowed.

enter Garcia's cell and leave with Garcia's tennis shoes.  Tony Morgan told Defendant Bassett about what he observed.  Around nine o'clock that evening, Defendant Bassett returned to Garcia's cell with a pair of tennis shoes.  Garcia identified the shoes as his missing pair.  Garcia claims that he was subsequently threatened by some members of the Southern New Mexico gang who threatened to "stick" him if he did not "lock it up."  Garcia alleges that as a result of Defendant Bassett's returning the missing shoes, it gave the appearance he had snitched on the people who took the shoes.

In his Answer filed January 13, 1998, Defendant Bassett represents that Garcia has not exhausted available administrative remedies.  The Prison Litigation Reform Act, 42 U.S.C. § 1997 (e)(a) ("PLRA"), provides that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The New Mexico Department of Corrections adopted an administrative grievance procedure.  Garcia's complaint indicates that he has not pursued these procedures and therefore the action is subject to dismissal.  "The requirement for exhaustion is not just a technicality.  It is the law which federal courts are required to follow."  *Grimsley v. Rodriguez*, 113 F.3d 1246 (table), 1997 WL 235613 (10th Cir. 1997)(unpublished decision).  Additionally, 42 U.S.C. § 1997(e)(e) states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Here, no evidence was presented which indicated a physical injury was inflicted on Garcia by the gang members assigned to his pod.  A claim of mental anguish does not state a claim for relief pursuant to the requirement of 42 U.S.C. § 1997(e) as amended by the PLRA.  *Young v. Knight*, 113 F.3d 1248 (table), 1997 WL 297692 (10th Cir. 1997)(unpublished).  Garcia does not meet the requirements of

the PLRA and his claim must fail.

Finally, the Court finds that Garcia's conclusory allegations do not support his Eighth Amendment claim. The law makes clear that "[p]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 114 S. Ct. 1970, 1976 (1994)(quotation omitted). Accordingly, "a prison official may be held liable under the Eighth Amendment for denying human conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 1978, n.4. Verbal abuses, harassment or name calling does not qualify as punishment. *Ivery v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Thus, Garcia must show that being called a "snitch" created an unnecessary and wanton infliction of pain in the form of a pervasive risk of harm from other inmates in order to fall within the protection of the Eighth Amendment. *See Martin v. White*, 742 F.2d 469, 474 (8th Cir. 1984). A pervasive risk of harm is not generally demonstrated by pointing to a single incident or isolated incidents. Indeed, Garcia alleges that the incident happened once and he offers no proof that he apprised prison official of his concerns regarding the manner in which his tennis shoes were returned. It appears the tennis shoes were reported missing and then returned.

This Court is sensitive to the stigma and serious implications of being labeled as a "snitch" in a prison setting. *See Watson v. McGinnis*, 964 F. Supp. 127 (S.D. N.Y. 1997) (compilation of judicial decisions about danger of being labeled a snitch). Here, Defendant Bassett did not call Garcia a snitch in front of other prisoners. He simply returned Garcia's missing property. Garcia's allegations do not support his Eighth Amendment claim.

### **Recommended Disposition**

That the complaint be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

PLAINTIFF:
Ronny Garcie, *pro se*

COUNSEL FOR DEFENDANT:
Ida M. Lujan, Esq.

4